The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention for the Court is now sitting. God save the United States and this Honorable Court. All right, be seated please. All right, first case we'll hear this morning is United States v. Jones and Mr. Wellman will hear from you. Your Honors, good morning and may it please the Court. I'm here on behalf of Mr. Naeem Jones regarding a supervised release violation from October of 2024. Our issue, primary issue, is whether Mr. Jones in the petition alleging the violations of supervised release provided Mr. Jones adequate notice of a criminal law violation, a grade A or grade B violation versus notice of only. Well, the issue is probably a little bit different, I think, if I understand it correctly. He was clearly charged with a grade C violation, right? Yes, Your Honor. It seems to me the issue then is whether the district court erred in sentencing him something else. Yes, Your Honor, I agree with that. And the court did, right? The court found a grade B violation. So you need a new sentencing hearing, right? Yes, Your Honor. All right. How about the issue on section 3583? The re-imposition of supervised release? The length of the sentence? Yes, Your Honor. It looks like under the statute it's too long. I agree, Your Honor. I believe that the maximum would have been the 60 months less his term for, this would be for the count two. Count one is 36 months less 19. So that would be. And count two is 60 months less one. Correct, Your Honor, yes. Which would have been 41 months, but he got 50 months. He would have been allowed to be sentenced to 41 months, but he was sentenced to in excess of that to 50 months, so it was an error. To 60 months, Your Honor, the full five years in the court did not less the. It depends whether you aggregate. If you don't aggregate, he was sentenced one month too long. If you aggregate, he was sentenced 41 months too long. Yes, Your Honor, we would submit that the 41 would be. Do you have anything else to present? I do not, Your Honor. You did a good job. Good morning, Your Honors. May it please the court. Carla Painter on behalf of the United States for the Middle District of North Carolina, based on the court's previous questions, I can tell I have my work cut out for me. Well, you can argue otherwise, but it looks to me that if you look at the charge, the written charge for violation, he was charged with violating the failure to test, Level C. He was not charged with possession. He could have been charged with possession, but he wasn't. There is a separate condition which says violating a federal law or state law is a violation. He was charged under that for counterfeiting, having counterfeit money and driving. But on this charge, he was simply charged with failing test. That's C, right? So Your Honor, it was listed as failure to test. Importantly, the petition didn't assign grade levels to any of those violations. The supplement did, and we relied heavily on that. The supplement is just the probation officer's advice. I mean, that's not the charging document. Your Honor, when the issue is notice, and we're talking about... The question is, you're charged, it's like an indictment or a complaint. It seems to me, if you wanted to amend it, but the notice is provided in that document. Now, if the probation officer misinterprets it and says the court could find that he also possessed, then they could go back and recharge him. But they can't just automatically, based on this collateral advice to the judge as to what's involved, which is an error, say that the charges have changed. Your Honor, I would invite this court to review this court's decision in Hanel, 794 Federal Appendix 325. In that case, the probation office specifically designated the violations as grade C violations. There was no mention in the supplement anywhere of a grade B violation. Now there, the government filed an independent notice that it believed there were grade B violations in play. But this speaks to Your Honor's question in the issue of whether or not the probation office petition reflecting a grade C violation is determinative for due process considerations. This court easily determined it was not because the government had indicated there was a grade B violation here. What the government's notice accomplished in Hanel, the supplement of the petition accomplished for Mr. Jones. What is a supplement? Explain it to me. So the supplement specifically lays forth... What is it as a category? What kind of a document is it? It's filed separately under seal, but at the same time as the petition. So when the petition... It's intended to what? Explain to the court what it's all about? And to provide the probation officer's recommendation and the options statutorily and the policy statements. Importantly, the issue here is, was... Was it like a briefing document? Yes, Your Honor. It essentially lays out the facts, the defendant's history of compliance on supervised release. And there is a section... In this case, there was an error. I mean, in this case, the probation officer inadvertently called it a B violation when the charge was clearly a C violation. Your Honor, this court's decision in United States versus Battle tells us that testing positive on numerous occasions constitutes a grade B violation now that... Of course, I agree with you. And he could have been charged with that. I'm surprised he wasn't. The very first charge was violation of federal or state law. And under that, you listed, or the probation officer listed possession of counterfeit money and driving. Counterfeit money was thrown aside and the driving was all that was left. It was just as easy to say possession of controlled substances in that too, which would be a violation of law. But they didn't charge that. That's correct, Your Honor. They charged that he tested positive. That's correct, Your Honor. And the probation officer certainly could have listed possession of a controlled substance in the petition. It's like a gotcha. You want to say the bench memo that the court was given by the probation officer said it was a B, and the court relied on that and called it a B. But the court failed to look at the charge. And I don't know... Is that fair to the defendant? Respectfully, Your Honor, the supplement only listed one grade B violation. That did not refer to the first violation at all. Why? Can you actually... This is such an odd case, but can you tell me why that is? If you want to list a grade B violation in the supplemental report, why didn't they just list the one that's actually charged? Your Honor, I'm not sure what the probation officer was thinking. Perhaps she was under the impression we're talking about a new criminal conduct. The government might not put on evidence to prove that new criminal conduct if it can accomplish the same thing through a grade B violation. And I just want to point out the supplement only listed that controlled substance use. And it specifically stated this qualifies as a grade B violation. I'm just saying that seemed odd, given that he was actually charged with a different grade B violation. Can I ask you a question? Because I think there's this sort of notice question that you're raising, but I have a related concern about fairness to the defendant here. The district court makes its finding of a grade B violation, or makes its findings based only on what the defendant admits to at this hearing. And what the defendant admits to is the grade C violation. The district court says, here's the violation, basically reads it as charged, he admits to that. And then the district court relies on that admission for sentencing. So whatever anyone might have thought about what could have happened at this hearing, what the government might have tried to do, the only thing he admitted to was the grade C, and that's the only thing the district court relies on for sentencing. So there's no finding here of a grade C violation. Your Honor, as the revocation hearing was proceeding, the government moved to dismiss violation one early on. Before we even started, the court asked defense counsel, have you read the petition and supplement, and have you discussed it with your client? He said yes. He said, are there any objections? Again, this is the petition and the supplement, no objections. So then we go through the revocation hearing, we dismiss violation one, and that's the counterfeit instruments. We have admissions on violations two, three, and four. And before the judge even announces his sentence, he said, based on that, based on that controlled substance use, the guideline range here is a grade B violation. You're skipping the whole dialogue where he read the charge to the defendant, didn't he? Yes, Your Honor. He read a grade C violation to the defendant. He read it word for word, didn't he? Yes, Your Honor. And the defendant admitted it, and that provided the basis for revocation, didn't it? It did, Your Honor. Before announcing or before proceeding, the court specifically stated after dismissing violation one, now defense counsel, I believe we have a grade B violation here based on all of these felonies, this controlled substance use. He specifically asked defense counsel, any objection? No. This is after violation one has been dismissed. And again, the supplement is only talking about the controlled substance use as a grade B violation. Substance abuse is a grade B violation, but he wasn't charged with it. And the point that Judge Harris is making is a mighty powerful one, because I would be inclined to say the defendant is entitled to rely on the charge made. But if there was any confusion created by that bench memo, so to speak, the supplement that the probation officer wrote, that was totally clarified. Because the court then, in total clarity, read the charge and asked him how he pled to that. And the charge was a grade C violation that he read. He actually read verbatim from the charge. Right. He read the violation, Your Honor. And that's what was the basis for revocation. Right. But we're talking about a grade B violation. I mean, the court specifically read the petition and the alleged violations. And the court then thought that that exchange constituted a grade B violation, which was error. And the court was obviously had picked it up in the supplement somewhere. But the court read the charge and the plea by the defendant was to that charge. And then the court said that's a grade B. Right. That's what happened in the sequencing. Yes, Your Honor. The court did clarify this is a grade B violation. Now, if there was any... And that was error. Because only by only antecedent to this was the charge the court read and the defendant to which the defendant pled guilty. Your Honor, the issue is due process. And we're talking about the revocation context. The issue is... Actually, we're not talking to due process, notice or anything else. We're talking about how the defendant was charged and how he responded and what the court said. So the court said, I charge you with, and it quotes the charging document. The defendant pleads guilty and the court then says, this is a grade B violation, and therefore your sentence as follows. That's the sequence. The error in that is the conclusion that that was a grade B violation. I disagree, Your Honor, respectfully, because as this court tells us in United States v. Battle, repeated positive drug tests equates to possession. Of course it does. It's obvious. You could have charged that. You don't have to charge every violation. Your Honor, I would again refer this court to its decision in United States v. Hunnell. I believe we have similar facts and in fact... This is not a legal issue to be decided by other cases. This is a question of what happened. I mean, I don't understand. All right, you can go ahead. The defendant was aware of the grade B violation per the supplement. There was only one policy statement, one guideline range calculated there. That was grade B. To the second issue Your Honor discussed, the issue is whether or not we aggregate the sentences. I'd like to draw the court's attention to its decision in U.S. v. Actor. It's A-K-H-T-E-R 773, Fed Appendix 707. That was decided in 2019. The reason that matters is because it tells us when the district court sentences on two different counts, the term of imprisonment for one count does not run for the supervised release of another count. You are correct, Judge Niemeyer, we're talking about a difference of 60 months versus 59 months. I don't know the answer to that, but you don't aggregate the sentences. It would be a 41-month difference. If you did not aggregate them with respect to the second count, it would be one month. That's correct, Your Honor. Yeah. And in this instance where the district court specifically signaled its intent to impose separate sentences on the separate counts. Fair enough, yeah. Right. And to the extent there was error for count one, we're talking about that was the 36-month supervised release, 19 months imposed. Any error in that regard was subsumed by count two because of course the supervised release will be running concurrently. But it's still an error, right? Yes, Your Honor. 59 months is not 60. You're correct, Your Honor. But in this case, we're under the plain error analysis. So was there error? Yes. Was it plain? Yes. But did it affect the defendant's substantial rights and did it undermine the integrity of the judicial proceedings? Let me ask you something. I'm sorry. Do we impose an additional month sentence on the ground that we don't think it's substantially affected his rights? I mean, it's a strange argument to make. He's in prison another month and the argument you would make is, oh, that's not long because of versus 60 months. But the question is, isn't it pretty serious right to be in prison when you're not supposed to be? Your Honor, it is. And that's what this court relied on in Maxwell in determining that there was a substantial rights violation. Here, it's not prison. He could have been sentenced. And that's only if we think they run consecutively. If they run concurrently, it's far more than a month. Your Honor, the supervised release will run concurrently. The issue is how much do we deduct based on prison time imposed? But I calculate it as the length, based on the statute, the length of a term of supervised release shall not exceed the term of what was authorized and then less any prison term. And that's, to me, here is 60 months minus 19 is 41 months. And he was sentenced to 50 months. So that's nine more months, not one more month. Your Honor, on count one, there was supervisory- Well, if that calculation is correct, would you agree that nine months impacts his rights? Nine more months? One month wasn't good enough. What about nine more months? Your Honor, in this court's decision in Maxwell, the court relied on cases that had defendants in prison for longer than the statutorily authorized- So it doesn't matter because you're saying nine months doesn't matter either because it's supervised release and not prison? I am, Your Honor. And the reason for that is that- In some ways, supervised release is just as challenging sometimes as some prison settings, given all the conditions placed on a person on supervised release. The district court retains authority to terminate a defendant's supervised release at any time. So based on the government's concession today, the defense could move for that relief before the district court. But for this court- So it sounds like the government is saying that no amount of supervised release, even if in error, can substantially impact a defendant's rights for a plain error review. Well, Your Honor, that is not my position, nor was that this court's holding in Maxwell. But nine months isn't sufficient? Your Honor, in Maxwell, the court said 11 months, but it found the length meaningful. At least three times in the opinion, the court said almost a year of additional unwarranted supervised release. And here, we don't have a defendant that was sentenced to a term in prison longer than was statutorily authorized. Here, the probation officer was advocating for a 24-month term of imprisonment, and the court imposed 19 months. So we have one month imposed on count two here. I'm sorry. So this didn't come up at sentencing? I mean, the government just stood there, and somebody got a longer supervised release sentence and is authorized by law, and the government's position is, we can't fix that? That just strikes me as so counterintuitive. I mean, how did this happen? Well, you're speaking to the plain error analysis. The court needs to be put on notice. I know, I know. But sentences that exceed statutory maximums, I totally understand plain error and substantial rights. But I am somewhat surprised that the government's position is that a sentence that exceeds a statutory maximum might not affect somebody's substantial rights. And Your Honor, if it were more than a month, our position might be different. Well, might. I mean, apparently not if it's nine months, but somewhere between nine and 11, it sounds like the government's position might change. And this court doesn't need to make that determination now, but if it were to reverse and remand based on that one month of supervised release, it is undermining the plain error analysis and eviscerating prongs three and four of the plain error analysis. There is a statute, I can't remember the section number, that says we're supposed to deal, take sentences, combine sentences like that in the aggregate. Do you remember the statute I'm talking about? I didn't bring it with me here, and it's just, but with respect, you said the court sentenced separately on counts one and two. And you agreed that if it's in the aggregate, it would be 60 months supervised release less 19 months sentence equals 41 months excess. If we treated it in the aggregate, and I need to look at that statute, but I thought it said we're supposed to treat sentences in the aggregate when they're component sentences. Your Honor, it might be section 3624E, the term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any federal, state, or local term of probation. There's another one that says component sentences are to be treated, uses the word, in the aggregate. For active custodial time, Your Honor. I think probably for all administrative purposes, I think. Okay. Yeah. Anyway, I gather your argument basically on the statutory issue is just it didn't affect the substantial rights. That's correct, Your Honor. There are instances when multiple counts should be running concurrently, both the prison time and the supervised release. But that's when the district court is silent as to which counts it's imposing its sentence on. I would encourage this court to look at the Ninth Circuit's decision in Hertler. It's actually cited in the Actor case, and there the court explains the language of the statute for imposing supervised release speaks in the singular, term authorized by the offense and term. We're talking about revocation. We're looking to the specific charge, not the underlying offenses generally. I would request the court affirm for the reasons stated in our brief. Thank you. Thank you. All right. Mr. Wellman, do you have anything further? Very, very, very briefly. Just in addressing this, the supervised release following the incarceration, and why I would argue that it is substantial, is the 59 or the 41, I'll leave it to Your Honors to determine as to aggregation. But if you look at count one, where it was that Judge Osteen reimposed for 36 months, when really it should have only been 17 months. Well, that was a 17-month over a charge. And if you treat the sentences separately, as the government urges, then that error may not be subsumed in count two. That may be an error with respect to count one, and he's serving 17 months too much. The problem with that, of course, is there his substantial rights may not be affected because the 17 months would be subsumed. He'd still be serving supervised release under count two for another 58 months or 59 months. That's correct, Your Honor. But if there were a circumstance where he faced revocation, once that first term expires, he may still be on supervised release for count two, but he would only be facing revocation for count two, rather than count one and count two. So even though the term itself is subsumed, it makes a difference whether you're being supervised for count one and count two at the same time. And so that's why that also impacts his substantial rights. Yes, Your Honor. So that was simply what I wanted to close up on. Thank you, Your Honor. All right. Thank you. We'll come down and greet counsel and proceed on to the next case. Mr. Wellman, you were court appointed, were you? I was, Your Honor. I'd like to recognize your service, especially in the public, because this is so important that we have U.S. attorneys appointed formally that represent the government. And we're always worried about taking care of the defendants on the same level. And court appointments of people of your caliber satisfy that very well. Thank you very much. We'll come down and greet counsel.
judges: Paul V. Niemeyer, Stephanie D. Thacker, Pamela A. Harris